UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERLY VALDEZ,<br><br>                Plaintiff,<br>   v.<br><br>AMERICAN FUNDING; GREENPOINT MORTGAGE FUNDING, INC.; ETS SERVICES, LLC; MORTGATE ELECTRONICS REGISTRATION SYSTEMS, INC.; and DOES 1-50, inclusive,<br><br>                Defendants. | Case No.: 10-CV-2292-LHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT; DENYING PLAINTIFF COUNSEL'S MOTION TO WITHDRAW AS MOOT; REMANDING CASE TO SUPERIOR COURT FOR COUNTY OF SANTA CLARA<br><br>(re: dockets #4, #9, #24) |

Currently pending before the Court are Defendants' Motion to Dismiss [dkt. #4], Plaintiff's Motion to Remand [dkt. #9, and Plaintiff Counsel's Motion to Withdraw as Counsel [dkt. #24]. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for resolution without oral argument. The Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's request for attorney fees and costs. The Court DENIES Defendants' Motion to Dismiss as moot and DENIES Plaintiff Counsel's Motion to Withdraw as Counsel as moot.

1

Case No.: 10-CV-2292-LHK
ORDER REMANDING CASE

## I. BACKGROUND

Plaintiff Merly Valdez filed a complaint in the Superior Court of the State California for the County of Santa Clara on February 25, 2010 in relation to Defendants' business practices surrounding the refinancing, default, and eventual foreclosure proceedings on her home. Plaintiff's complaint alleges seventeen causes of action -- all seventeen are pursuant to California state law. Two of those seventeen causes of action, specifically the seventh cause of action for fraud and eighth cause of action for negligence, allege that in addition to violating state laws, Defendants' actions also violate the Truth in Lending Act ("TILA") and a federal regulation ("Regulation Z"). Compl. ¶¶ 146-147, 151-152.

On May 26, 2010, Defendants removed the case to this Court asserting federal question jurisdiction on the ground that Plaintiff's eighth cause of action for negligence "necessarily requires resolution of substantial questions of federal law." Notice of Removal ¶¶ 6-11. Plaintiff has moved to remand, and requested attorney fees and costs. Defendants have moved to dismiss, asserting that all seventeen causes of action fail to state a claim upon which relief can be granted. Both the Motion to Remand and the Motion to Dismiss are fully briefed.

## II. LEGAL STANDARDS

The Court must have subject matter jurisdiction in order to rule upon Defendants' motion to dismiss. The bases for federal subject matter jurisdiction are: 1) federal question jurisdiction under 28 U.S.C. § 1331; and 2) diversity jurisdiction under 28 U.S.C. § 1332. Defendants' Notice of Removal alleges only federal question jurisdiction, not diversity jurisdiction. A suit may be removed from state court to federal court if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). The Court must "strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any

2

Case No.: 10-CV-2292-LHK
ORDER REMANDING CASE

doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

### III. DISCUSSION

*A. Defendants' Removal and Plaintiff's Motion to Remand*

Defendants removed this case asserting that Plaintiff's cause of action for negligence necessarily requires resolution of substantial questions of federal law. Defendants cite U.S. Supreme Court authority for the proposition that a complaint composed entirely of state law claims raises a removable federal question when: 1) the state law claim "raises a federal issue;" 2) the federal issue is "disputed and substantial;" and 3) removal would not "disrupt the balance of federal and state judicial responsibilities." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314.

The Court agrees with Defendants that federal law is implicated by Plaintiff's negligence cause of action. Specifically, Plaintiff's refer to TILA as the source of the duty breached by Defendants' actions. But the incorporation of allegations regarding TILA is not, by itself, sufficient to confer federal jurisdiction. *See, e.g.*, *Meza v. Matrix Servicing*, 2010 U.S. Dist. LEXIS 5769 (E.D. Cal. Jan. 25, 2010) (finding that negligence cause of action in complaint, even when referencing federal law on duty element, did not arise under federal jurisdiction because duty of care could be established independently); *see also Montoya Mortgageit, Inc.*, 2010 U.S. Dist. LEXIS 20783 (N.D. Cal. Feb. 10, 2010) (ordering remand because references to federal law, including TILA, did not confer federal jurisdiction).

Under *Grable*, there must be a *substantial* federal question. That substantial federal question is lacking here because resolution of the federal issue (whether or not TILA creates a duty for Plaintiff's negligence cause of action) will not be dispositive of the case in whole and will not be controlling in numerous other cases. *See Empire HealthChoice Assurance, Inc. v. McVeigh*, 547

U.S. 677, 700 (2006). In fact, resolution of this federal issue would only provide a drop in the bucket of what is overwhelmingly a state law-based and fact-intensive inquiry into the interactions surrounding this particular loan and this particular Plaintiff. Defendants themselves acknowledge that Plaintiff has not alleged any federal claims. *See, e.g.*, Defs.' Reply to Opp'n to Mot. to Dismiss 5 ("Notwithstanding the fact that Plaintiff has not alleged any claims under these [federal] statutes and regulations ..."). As the "master of her complaint," Plaintiff chose to plead only state law causes of action and is entitled to a state court forum. Moreover, the Court notes that remand does not disrupt the balance of federal and state judicial responsibilities. *See Grable*, 545 U.S. at 314. Congress has expressly conferred on state courts authority to entertain TILA claims. *See* 15 U.S.C. § 1640(e) ("Any action arising under this section may be brought in any United States district court, or in any other court of competent jurisdiction"); *see also In re Countrywide Fin. Corp. Mortg. Marketing & Sales Practices Litig.*, 2008 U.S. Dist. LEXIS 105440, *21 (S.D. Cal. Dec. 30, 2008) (noting that remand would not disturb congressionally approved balance of federal and state judicial responsibilities because "federal and state courts have concurrent jurisdiction to adjudicate TILA [and other federal] disputes.").

   *B. Plaintiff's Request for Attorney Fees and Costs*

District courts have wide discretion on whether to award attorney fees in an order to remand. *See* 28 U.S.C. § 1447(c). Under the circumstances of this case, the Court does not find it appropriate to award attorney's fees and costs. Accordingly, Plaintiff's request for fees and costs is DENIED.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand for lack of subject matter jurisdiction and DENIES Plaintiff's motion for attorney fees and costs. The Court DENIES Defendants' motion to dismiss as moot. The Court DENIES Plaintiff Counsel's recently

4

filed motion to withdraw as counsel as moot.  The September 2, 2010 hearing is vacated.  The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: August 31, 2010

                                                  _____
LUCY H. KOH
United States District Judge

5

Case No.: 10-CV-2292-LHK
ORDER REMANDING CASE